**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| LeRoy K. Wheeler, | ) | |
| | ) | **ORDER DENYING MOTION TO AMEND** |
| Plaintiff, | ) | **PLEADINGS, MOTION TO SUPPLEMENT** |
| | ) | **PLEADINGS, MOTION TO APPOINT** |
| vs. | ) | **PRIVATE INVESTIGATOR, MOTION** |
| | ) | **TO APPOINT MEDICAL EXPERT, AND** |
| Robyn T. Schmalenberger, | ) | **REQUEST TO COLLECT NEWSCAST** |
| Patrick Branson, and Leann K. | ) | |
| Bertsch, | ) | Case No. 1:11-cv-079 |
| | ) | |
| Defendants. | ) | |

On August 8, 2012, Plaintiff Leroy K. Wheeler filed a "Request for Leave of Court to Amend the Pleadings" (Docket No. 30), a "Motion for Leave to Supplement the Pleadings" (Docket No. 33) and a "Motion for Appointment of Private Investigator" (Docket No. 34), and a "Motion for Appointment of Medical Expert" (Docket No. 31). On August 10, 2012, Wheeler filed an "Ex-Parte Request for Collection of Newscast." (Docket No. 35). On August 22, 2012, defendants responded to Wheeler's motions. (Docket Nos. 36-38). On September 4, 2012 Wheeler replied to defendants' response. (Docket Nos. 39-40). On September 7, 2012, Wheeler filed a "Citation to Supplemental Authority" regarding his motion to amend the pleadings. (Docket No. 41).

I.   **BACKGROUND**

Wheeler is an inmate at the North Dakota State Penitentiary ("NDSP"). On October 4, 2011, he filed a motion for leave to proceed *in forma pauperis* and a proposed complaint alleging violations of 42 U.S.C. §§ 1981 and 1983. On October 11, 2011, the court granted Wheeler's motion to proceed *in forma pauperis* and the complaint was filed. The complaint included four

1

claims that Wheeler summarized as:

>Claim No. 1: Retaliation for Exercising Constitutional Rights;
>Claim No. 2: Enforcement of Black Supremacy & Discrimination against sex offenders;
>Claim No. 3: Enforcing Unconstitutional Prison Policies & Practices; and
>Claim No. 4: Retaliation for Exercising Religious Right to be an informant.

(Docket No. 2). The primary focus of Wheeler's complaint was Derrick Stanton, a federal inmate housed at NDSP. Wheeler alleged that while working in the prison kitchen, Stanton poisoned other inmates, not including Wheeler, by putting chemicals in their drinks. (Docket No. 2, pp. 6-14). Wheeler alleged that, although he reported the poisonings on several occasions, prison staff refused to take action to stop Stanton's conduct. Wheeler further alleged that he attempted to expose the poisonings and Stanton's sexual relationship with a female prison guard by writing a letter to State's Attorney Richard Riha, and suffered retaliation, including termination of his employment in the kitchen, transfer to a different housing unit, and screening of all of his outgoing mail, as a result. (Docket No. 2, pp. 11-12).

The undersigned conducted an initial screening of Wheeler's complaint pursuant to 28 U.S.C. § 1915A and submitted a Report and Recommendation on December 7, 2011. (Docket No. 9). The undersigned recommended permitting Wheeler to proceed with his retaliation claims, Claim Nos. 1 & 4, " to the extent that the claims allege that prison officials imposed discipline upon Wheeler in retaliation for the exercise of his constitutional rights" and recommended dismissing Claim Nos. 2 & 3 with prejudice. On February 21, 2012, the court adopted the report and recommendation. (Docket No. 14). On April 23, 2012, defendants filed an answer. (Docket No. 25). On June 25, 2012, the court issued a scheduling order giving the parties until August 30, 2012 to move to amend the pleadings and until October 31, 2012 to

complete discovery. (Docket No. 27).

## II. DISCUSSION

### A. Motion to Amend

Wheeler requests leave of the court to amend his complaint to make "minor" changes to Claim Nos. 1 through 4 in his original complaint, to add Claim Nos. 5 and 6, and to add Steve Heit as a defendant. (Docket No. 30). Defendants resist the motion. (Docket No. 36).

Federal Rule of Civil Procedure 15(a)(1) provides that before trial, "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." In all other cases, a party may amend its pleading only after obtaining written consent from the opposing party or leave of the court. Fed.R.Civ.P. 15(a)(2). Wheeler filed his motion to amend on August 8, 2012, more than 21 days after defendants filed an answer on April 23, 2012. Because defendants resist amendment, Wheeler may only amend his complaint with leave of the court.

Federal Rule of Civil Procedure 15(a)(2), requires that courts freely give leave to amend a pleading when justice so requires. Although amendment is to be liberally permitted, leave to amend may be denied for good reason such as "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment[.]" Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

### 1. Claim Nos. 1 and 4

Federal Rule of Civil Procedure 8(a) requires a pleading contain only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The court concluded Wheeler's Claim Nos.1 and 4 met that minimal pleading requirement and ordered that Wheeler be allowed to proceed with those claims to the extent they allege that Wheeler was disciplined in retaliation for exercising his constitutional rights. (Docket No. 14). Wheeler requests the court's leave to amend those claims to add paragraph numbers and to add several pages of additional facts detailing the contents of inmate grievances Wheeler filed at NDSP and the responses he received. (Docket No. 30-2, pp.14-18, 23).

While the facts regarding Wheeler's use of the prison grievance system may be relevant at some stage of the proceedings, he is not required to affirmatively plead exhaustion in his complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007) (holding that under the PLRA failure to exhaust is an affirmative defense and that inmates are not required to plead exhaustion in their complaints). Because Wheeler's proposed amendments would have no effect on Wheeler's ability to proceed on Claim Nos. 1 and 4, permitting Wheeler to amend those claims would be futile.

### 2. Claim Nos. 2 and 3

The court previously dismissed Wheeler's Claim Nos. 2 and 3. (Docket No. 14). Wheeler filed two motions for reconsideration of the dismissal of those claims. (Docket Nos. 17, 22). The court denied both motions. (Docket Nos. 21, 23). Wheeler now requests the court's leave to amend both claims.

Wheeler's proposed amendments to Claim No. 2, his "Black Supremacy" claim, include adding paragraph numbers, removing references to himself as a sexual offender, and adding

reference to an unidentified writing in which Deputy Warden Branson stated that Wheeler had drafted many documents showing Wheeler's "prejudice and even racist harassment of Stanton." (Docket No. 30-2, pp. 5, 19). The court dismissed Wheeler's original discrimination claim for failure to meet the "plausibility standard" of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). (Docket No. 14, p. 2). Even if the proposed amendments were permitted, Wheeler's discrimination claim would fail to meet the Bell Atlantic plausibility standard. Permitting Wheeler to amend Claim No. 2 would be futile because Wheeler's proposed amended complaint does not include a cognizable discrimination claim.

Wheeler's proposed amendments to Claim No. 3, his challenge to NDSP's investigative procedures, include adding paragraph numbers and adding the allegation that the challenged policies "are the moving force of Wheelers [sic] punishment and NDSP's lack of evidence collection." (Docket No. 30-2, pp. 20-22). The court dismissed Wheeler's original claim regarding NDSP's policies and practices because (1) inmates have no constitutional right to an investigation of the conduct of others, and (2) inmates have no substantive constitutional interest in prison officials following prison grievance procedures. (Docket No. 14, p. 2). Permitting Wheeler to amend Claim No. 3 would be futile because his proposed amendments would not cure the deficiencies in his original claim.

   **3. Claim No. 5**

Wheeler requests leave to add a civil conspiracy claim to his complaint. The proposed additional claim provides, in its entirety:

> Claim #5: Conspiracy to Deprive Wheeler of his Constitutional Rights: As shown in claim #1, the Warden received the letter Wheeler wrote to state Attorney, Richard Riha, from Riha, and conspired with Deputy Warden, Patrick Branson in the separation of Wheeler and Stanton. Wheeler has a right to expose corruption

>of prison staff and criminal acts of inmates.  Without an investigation the Warden
>and Deputy Warden stripped Wheeler of his job and housing to silence his
>expressions punishing the informer and protecting the perpetrators, resulting in
>the enforcement of corruption.

Wheeler's original Claim No. 1 for retaliation for exercising constitutional rights, includes the allegation that upon learning of the letter Wheeler sent to State's Attorney Riha, Warden Schmalenberger "conspired with the Deputy Warden Branson, to strip Wheeler of his job for attempting to seek judicial relief on prison conditions, and Wheelers [sic] housing for exposing Stantons [sic] sexual activities with female staff." (Docket No. 2, p. 12).  Because the original complaint already includes essentially the same allegation Wheeler proposes adding, it is not necessary to permit Wheeler to amend the complaint to repeat that allegation.

### 4. Claim No. 6 and additional defendant Steve Heit

Wheeler seeks leave to amend his complaint to add Claim No. 6, a claim that prison staff are "Censoring Wheeler's outgoing mail."  Wheeler claims that Deputy Warden Branson ordered "all Wheeler's outgoing mail opened and screened" and that as a result Steve Heit and other "prison staff" have refused to send his mail.  Specifically, Wheeler alleges that he attempted to send a copy of the letter he mailed to Richard Riha to "the N.D. Highway Patrol, who has jurisdiction inside NDSP." (Docket No. 30-2, p. 25).  Wheeler alleges he "personally handed" Steve Heit a copy of the letter, and that Heit failed to mail the letter. (Docket No. 30-2, p. 27). Without identifying the specific staff members responsible Wheeler further alleges, "[t]here has also been multiple other letters sent out by Wheeler that have not been responded to because of prison staff taking it upon themselves not to mail it because there is no possibility of staff discipline even if a prisoner complains." (Docket No. 30-2, pp. 25-26).

Although Wheeler filed his motion to amend prior to the August 30, 2012 deadline for

moving to amend the pleadings, Wheeler could have included his proposed Claim No. 6 in his original complaint and permitting Wheeler to add the claim at this point in the proceedings would result undue prejudice to the non-moving parties. The focus of Wheeler's claim is Steve Heit's alleged failure to send a letter in November 2010, well before Wheeler filed his original complaint in October 2011. However, Wheeler did not move to add the claim until August 2012, more than seventeen months after the alleged incident occurred and approximately ten months after he initiated this suit. Wheeler has not offered an explanation for the delay, and under the circumstances, it appears that none exists. See Villanueva v. United States, 662 F.3d 124, 127-28 (1st Cir. 2011) (finding plaintiff unduly delayed in moving to amend four months after filing complaint when amendment included new claim and named new defendants and when plaintiff was aware of underlying facts and involvement of defendants before he filed suit).

    In addition, Wheeler's proposed Claim No. 6 rests on legal theories and facts different from those included in the original complaint and requires the addition a defendant. Wheeler's claim focuses on NDSP's handling his outgoing mail. The only named individual Wheeler alleges failed to send his mail, Steve Heit, was not named as a defendant in Wheeler's original complaint. Permitting Wheeler to add an unrelated claim would require additional discovery, confuse the issues, and protract the final disposition of the case. At this point in the proceedings, and given Wheeler's undue delay, granting Wheeler leave to add Claim No. 6 would unduly prejudice the non-moving parties because the claim is based on different facts and legal theories than Wheeler's original claims and requires the addition of a defendant. See Popoalii v. Corr. Med. Services, 512 F.3d 488, 497 (8th Cir. 2008) (stating appellate courts less likely to hold denial an abuse of discretion when late tendered amendments involve new theories of recovery

7

and impose additional discovery requirements); Wishon v. Gammon, 978 F.2d 446, 448 (8th Cir. 1992) (holding the district court did not abuse its discretion by denying prisoner leave to amend complaint to add unrelated claim that could be raised in a different suit).

### 5. Conclusion

Permitting Wheeler to amend his complaint as requested would be futile, would result in undue delay, and would unduly prejudice the defendants. Wheeler's motion to amend the pleadings (Docket No. 30) will be denied.

### B. Motion for Leave to Supplement the Pleadings

Wheeler requests leave to supplement the pleadings to include nineteen additional paragraphs of facts detailing "transactions and occurrences of the above named Defendants and subordinates towards the plaintiff after Wheeler's grievances were observed by the subordinates sent through the institutional mail concerning the action which initiated the above said action, pursuant to F.R.Civ.P. Rule 15(d)." (Docket No. 33, p. 1). Rule 15(d), provides that a court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Unlike an amended pleading, which is designed to include matters occurring before the filing of the original pleading but either overlooked or unknown at the time, a supplemental pleading is designed to cover subsequently occurring matters pertaining to the original cause. United States v. Vorachek, 563 F.2d 884, 886 (8th Cir. 1977).

Wheeler's proposed supplemental pleadings detail his use of NDSP's grievance system. The first eleven paragraphs are not proper supplemental pleadings because they detail events that occurred prior to the filing of Wheeler's original complaint. Further, as discussed above,

8

permitting Wheeler to include the information in an amended complaint would be futile because it would not affect Wheeler's ability to proceed with his claims. The same is true of the remaining eight paragraphs, which detail Wheeler's use of NDSP's grievance system after his original complaint was filed. While Wheeler's use of NDSP's grievance system may be relevant at some stage of the proceedings, no purpose would be served by permitting Wheeler to include those details in a supplemental pleading. Wheeler's motion to supplement the pleadings (Docket No. 33) will be denied.

### C.   Motion to Appoint Private Investigator

Wheeler requests that the court appoint a private investigator to help him obtain and examine a number of documents including confidential inmate records, case history files, disciplinary records and medical records. (Docket No. 34). Wheeler is proceeding *in forma pauperis* as authorized by 28 U.S.C. § 1915. Section 1915 does not authorize the court to fund the costs of a private investigator. See U.S. Marshals Serv. v. Means, 741 F.2d 1053, 1056 (8th Cir. 1984) (holding that § 1915 does not authorize the court to cover witness fees and expenses); Georgacarakos v. Wiley, No. 07-cv-01712-MSK-MEH, 2009 WL 440934, at *7 (D. Colo. Feb. 23, 2009) (stating § 1915 does not authorize the court to appoint a private investigator). Wheeler cites no other statutory or legal authority which would allow the court to appoint a private investigator. Wheeler's motion to appoint a private investigator (Docket No. 34) will be denied.

### D.   Motion to Appoint Medical Expert

Wheeler requests that pursuant to Fed.R.Ev. 706(a), the court appoint a medical expert "to assist the court and also a jury to understand the symptoms and long and short term affects [sic] of the chemicals used by Derrick Stanton and his gang members." (Docket No. 31, p. 4).

Rule 706, Fed.R.Ev., permits a district court, on a party's motion or on its own, to appoint an expert witness to be paid in the proportion and at the time that the court directs. In United States Marshals Service v. Means, 741 F.2d 1053, 1059 (8th Cir. 1984), the Eighth Circuit held that Rule 706 gives a court the discretion "under compelling circumstances" to order the government to advance an indigent litigant's witness fees and expenses subject to a final award of costs to the prevailing party.

No "compelling circumstances" exist in this case. The court has already determined that Wheeler's claim regarding Stanton's alleged poisoning of other inmates cannot proceed and has limited the scope Wheeler's suit to his claims that defendants retaliated against him for exercising his constitutional rights. A medical expert's testimony regarding the effects of chemical poisoning would be irrelevant to Wheeler's retaliation claim. Wheeler's motion for appointment of a medical expert (Docket No. 31) will be denied.

**F.     Ex-Parte Request for Collection of News Cast**

Wheeler moves the court "to request of the Bismarck Radio Station KBMR to produce a news cast of ABC News it broadcasted on August 8, 2012, at or about 10:05 AM, about a Doctor was ordered to stay away from his wife, because it was alleged that her coffee, that the Doctor took her every morning was laced with barium, a chemical that resulted in flu like symptoms, relevant to the above said cause." (Docket No. 35).

A non-party can only be compelled to produce documents or other materials by issuance of a subpoena duces tecum pursuant to Federal Rule of Civil Procedure 45. Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1341 (8th Cir. 1975). The court has the discretionary power to refuse to issue subpoenas and prevent abuse of process in civil cases. Mosby v. Mabry, 697 F.2d

213, 214 (8th Cir. 1982).  A subpoena request by a litigant proceeding *in forma pauperis* may be denied if the information requested is not relevant to the indigent litigant's case.  See Mosby, 697 F.2d at 214 (holding the district court did not abuse its discretion by denying inmate's subpoena request when no relevant testimony was excluded as a result of the denial); Stockdale v. Stockdale, 4:08-CV-1773 CAS, 2009 WL 4030758, at *1  (E.D. Mo. Nov. 18, 2009) ("Courts exercising inherent supervisory power over in forma pauperis subpoenas generally consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case."); Tuvalu v. Woodford, No. CIV S-04-1724 DFL KJM P, 2006 WL 3201096, at *5 (E.D. Cal. Nov. 2, 2006) ("A party's ability to use a subpoena duces tecum is circumscribed by the relevance standards of Federal Rule of Civil Procedure 26(b)(1).").

Presumably, Wheeler believes the contents of the radio broadcast are relevant to his allegation that Stanton poisoned other inmates.  As stated above, the court already has determined that Wheeler cannot proceed with that claim.  Further, the radio broadcast described is irrelevant to Wheeler's claim of retaliation for exercise of constitutional rights.  Wheeler's "Ex-Parte Request for Collection of News Cast" (Docket No. 35) will be denied.

### III.     ORDER

Based on the foregoing, it is hereby ordered as follows:

1. Wheeler's "Request for Leave of Court to Amend the Pleadings" (Docket No. 30) is **DENIED**.

2. Wheeler's "Motion for Leave to Supplement the Pleadings" (Docket No. 33) is **DENIED**.

3.  Wheeler's "Motion for Appointment of Private Investigator" (Docket No. 34) is

**DENIED**.

4.  Wheeler's "Motion for Appoint of Medical Expert" (Docket No. 31) is **DENIED**.

5.  Wheeler's "Ex-Parte Request for Collection of News Cast" (Docket No. 35) is

**DENIED**.

Dated this 29th day of November, 2012.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge