IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| LeRoy K. Wheeler, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Plaintiff, | ) | **RE MOTION FOR PRELIMINARY** |
| | ) | **INJUNCTION** |
| vs. | ) | |
| | ) | |
| Robyn T. Schmalenberger, | ) | |
| Patrick Branson, and Leann K. | ) | |
| Bertsch, | ) | Case No. 1:11-cv-079 |
| | ) | |
| Defendants. | ) | |

On August 8, 2012, Plaintiff Leroy K. Wheeler filed a "Motion for Preliminary

Injunction." (Docket No. 32). Judge Hovland has referred the motion to the undersigned for

preliminary consideration. For the reasons set forth below, the undersigned recommends that the

motion be denied.

I.      BACKGROUND

Wheeler is an inmate at the North Dakota State Penitentiary ("NDSP"). On October 4,

2011, he filed a motion for leave to proceed *in forma pauperis* and a proposed complaint alleging

violations of 42 U.S.C. §§ 1981 and 1983. On October 11, 2011, the court granted Wheeler's

motion to proceed *in forma pauperis* and the complaint was filed. The complaint included four

claims that Wheeler summarized as:

Claim No. 1: Retaliation for Exercising Constitutional Rights;
Claim No. 2: Enforcement of Black Supremacy & Discrimination against sex
offenders;
Claim No. 3: Enforcing Unconstitutional Prison Policies & Practices; and
Claim No. 4: Retaliation for Exercising Religious Right to be an informant.

(Docket No. 2). The primary focus of Wheeler's complaint was Derrick Stanton, a federal

1

inmate housed at NDSP. Wheeler alleged that while working in the prison kitchen, Stanton

poisoned other inmates, not including Wheeler, by putting chemicals in their drinks. (Docket

No. 2, pp. 6-14). Wheeler alleged that, although he reported the poisonings on several

occasions, prison staff refused to take action to stop Stanton's conduct. Wheeler further alleged

that he attempted to expose the poisonings and Stanton's sexual relationship with a female prison

guard by writing a letter to State's Attorney Richard Riha, and suffered retaliation, including

termination of his employment in the kitchen, transfer to a different housing unit, and screening

of all of his outgoing mail, as a result. (Docket No. 2, pp. 11-12).

The undersigned conducted an initial screening of Wheeler's complaint pursuant to 28

U.S.C. § 1915A and submitted a Report and Recommendation on December 7, 2011. (Docket

No. 9). The undersigned recommended permitting Wheeler to proceed with his retaliation

claims, Claim Nos. 1 & 4, " to the extent that the claims allege that prison officials imposed

discipline upon Wheeler in retaliation for the exercise of his constitutional rights" and

recommended dismissing Claim Nos. 2 & 3 with prejudice. The court adopted the report and

recommendation. (Docket No. 14).

## II.    DISCUSSION

Wheeler seeks "a preliminary injunction to enjoin the Defendants and all their

subordinates from opening his legal and privileged mail outside of his presence, whether

incoming or outgoing, for this case." (Docket No. 31, p. 5). When deciding whether to grant an

inmate preliminary injunctive relief, a court must consider (1) the threat of irreparable harm to

the inmate; (2) the balance between the harm to the inmate and the harm that granting the

injunction will inflict on the nonmoving party; (3) the probability that the inmate will succeed on

the merits; and (4) the public interest.  <u>Goff v. Harper</u>, 60 F.3d 518, 520 (8th Cir. 1995).  The moving party has the burden of proving an injunction should issue.  <u>Id.</u>  The court will discuss each factor in turn.

### 1.    Irreparable Harm

Wheeler asserts that NDSP's handling of his mail will irreparably harm his ability to proceed with this lawsuit.  Wheeler asserts that, "[i]f the Defendants are permitted uninhibited rumaging [sic] through Wheeler's outgoing legal and privileged mail, then Wheeler would not know what the court is reading and the court would not know what Wheeler sent and would be next to impossible to prove."  Wheeler further asserts that prison officials "could easily alter prisoners [sic] documents and switch them after prisoners mail their legal mail" and that "exhibits could be removed or even replaced."  (Docket No. 31, p. 16).  In addition, Wheeler asserts, "The fact of Wheeler's mail being opened outside of his presence and not mailed and/or would give the Defendants insight into his stratagy [sic] . . . it would give Defendants prior knowledge of confidential information to destroy the evidence before Wheeler could obtain it, even with or without their legal counsel's consent."  (Docket No. 31, p.17).  Defendants respond that Wheeler's allegations are conclusory and unsupported by factual evidence.

A plaintiff seeking a preliminary injunction must show that irreparable injury is "likely" in the absence of an injunction.  <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 22 (2008); <u>Packard Elevator v. I.C.C.</u>, 782 F.2d 112, 115 (8th Cir. 1986).  Bare allegations are not sufficient to establish the threat of irreparable harm.  <u>Packard Elevator</u>, 782 F.2d at 115. A plaintiff seeking an injunction must show that harm has occurred in the past and is likely to occur again or that harm is certain to occur in the near future.  <u>Id.</u>

To support his claim that he is being harmed by NDSP's handling of his mail, Wheeler includes a number of his inmate grievances. (Docket Nos. 31-4, 31-6, 31-7, 31-11). In the grievances, Wheeler alleged that prison staff mishandled his mail by opening his legal mail outside his presence, by failing to send his mail, and by discussing the contents of his mail with other inmates. NDSP denied all of Wheeler's grievances, responding that Wheeler's legal mail was not being opened outside his presence, that Wheeler's nonlegal mail was being screened in the same manner as other inmates' mail, and that prison staff were not sharing the contents of Wheeler's mail with other inmates.

The focus of Wheeler's argument that he has been and will be harmed by NDSP's handling of his mail appears to rest in large part on his assertion that the responses he has received or not received from the intended recipients of his letters are proof that his letters are being altered or are not being sent. For example, in his motion Wheeler contends that NDSP failed to send or altered letters Wheeler addressed to the North Dakota Highway Patrol because the Highway Patrol "did not respond to the questions put forth in the 10 page letter" and "did not refer to the chemicals, sexual relationships or unlawful policies." (Docket No. 31, p. 9). In the related grievance, Wheeler asserted the letters were not being sent or were being altered because he had not received responses to all the letters and "the seriousness of the contents of the letters would get a response" and because the response he received "did not pertain to the questions presented." (Docket No. 31-7, p. 1). According to NDSP, it investigated Wheeler's grievance by contacting Highway Patrol and was advised that a Highway Patrol captain "is receiving [Wheeler's] letters and he is responding as he determines necessary." (Docket No. 31-7, p. 3).

Given the foregoing, Wheeler has failed to show that NDSP has or likely will open

4

Wheeler's legal mail outside his presence, fail to send the court documents, alter documents sent to the court, or destroy evidence based on information in Wheeler's mail. In fact, given the nature of Wheeler's mailings, it is not at all surprising that he has not received responses to his satisfaction. In short, Wheeler has failed to show a sufficient threat of irreparable harm to warrant a preliminary injunction.

### 2.        Balance between Harm to Wheeler and Harm to NDSP

Wheeler asserts the balance between the harm to Wheeler and the potential harm to NDSP weighs in Wheeler's favor because the injunction "would have little or no effect except to refrain NDSP officials from violating the law and Plaintiff's rights." (Docket No. 31, pp. 17-18). Wheeler has not shown he would suffer irreparable harm without a preliminary injunction. Defendants have not indicated they would suffer any injury if they were enjoined from opening Wheeler's legal and privileged mail outside his presence. From NDSP's perspective, issuing the preliminary injunction would presumably have no effect on NDSP's handling of Wheeler's mail because defendants assert that they are not opening Wheeler's legal and privileged mail outside his presence. This factor does not weigh in favor of or against granting the motion.

### 3.        Probability of Success on the Merits

Wheeler asserts that "[t]here should be little or no doubt that [he] will succeed on the merits because his actions of exposing corruptive activity within the prison to a law enforcement agency through the mail is constitutionally protected." (Docket No. 31, p. 18). Following § 1915A screening, Wheeler was permitted to proceed with his claims of retaliation for exercising constitutional rights and retaliation for exercising religious right to be an informant. (Docket No. 14). Although the court determined Wheeler's retaliation claims met the minimal pleading

5

requirements, the court expressed doubt about the merits of the claims, stating that "it appears the most likely reason for prison officials taking away his kitchen job and changing his housing unit was because he was fomenting discord, and not because of the exercise of any right to bring grievances or access the courts" and that "[i]t is highly questionable whether there is a religious right to be an informant, much less that Wheeler is invoking sincerely held beliefs." (Docket No. 14). Wheeler has presented no evidence that changes this assessment of his claims, and Wheeler's assertion that he will prevail is not sufficient to demonstrate a likelihood of success warranting a preliminary injunction.

### 4. Public Interest

Wheeler asserts this factor weighs in his favor because the "public has a vital interest in the integrity of those commissioned to enforce the law." (Docket No. 31, p. 18). That interest would not be served by the issuance of a preliminary injunction in this case. To the contrary, issuing a preliminary injunction regarding NDSP's handling of Wheeler's mail when Wheeler has failed to show NDSP has or likely will improperly open, fail to send, or alter his mail would be contrary to the public interest in the safe, efficient, and orderly administration of the prison system which requires judicial restraint, especially "in dealing with the complex and intractable problems of prison administration" such as the handling of inmate mail. See Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982).

### 5. Conclusion

None of the above factors weighs in favor of granting a preliminary injunction in this case. The undersigned will recommend that Wheeler's motion for a preliminary injunction (Docket No. 32) be denied.

**III.** <u>**RECOMMENDATION**</u>

For the reasons stated above, the undersigned **RECOMMENDS** that Wheeler's "Motion for Preliminary Injunction" (Docket No. 32) be **DENIED**.

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 29th day of November, 2012.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge